[Civ. No. 50078. Second Dist., Div. Two. Apr. 17, 1978.]

WILLIAM A. ADAMS, Plaintiff and Respondent, v.
CERRITOS TRUCKING COMPANY, INC., et al.,
Defendants, Cross-complainants and Respondents;
DEBORAH JEAN THOMPSON, Defendant, Cross-defendant and
Appellant.

958

COUNSEL

Keenan & Tobin, P. Dennis Keenan and William O. Garcia for Defendant, Cross-defendant and Appellant.

Kinkle, Rodiger & Spriggs and Thomas J. Dowling for Defendants, Cross-complainants and Respondents.

No appearance for Plaintiff and Respondent.

## OPINION

ROTH, P. J.—Plaintiff Adams recovered a jury verdict of $35,000 against defendants Cerritos Trucking Company, Inc. (Cerritos), Ronald Fredericksen,[1] and their codefendant Deborah Thompson. Judgment was entered thereon against all defendants. Cerritos cross-complained in the same action against Thompson for property damage.[2] The jury having determined the percentage liability of Adams and defendants, the trial judge apparently by stipulation of the parties concurrently found in favor of Cerritos on its cross-complaint for property damage in the sum of $7,413.62 against Thompson and apportioned said amount on the basis of the percentage of fault of each as manifested by the judgment of Adams against all defendants and held that Thompson was required to pay to Cerritos 15 percent thereof, to wit: $1,112.04. Thompson is appellant on this appeal. Adams and Cerritos are the respondents.

The judgment at bench predicated on the jury verdict was entered on December 10, 1975. As pertinent to the questions raised on this appeal, it is as follows:

"We further find that plaintiff's William A. Adams, conduct contributed 0% to the happening of the accident sued upon herein.

". . . . . . . . . . . . . . . . .

"We further find that cross-complainant, Cerritos Trucking Company Inc., conduct contributed 85% to the happening of the accident sued upon herein.

". . . . . . . . . . . . . . . . .

"The court finds that the cross-complainant, Cerritos Trucking Company, Inc., has been damaged in the sum of $7413.62, said sum to be reduced by 85%."

Thompson contends that: (1) the rule established by *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d

---

[1]Fredericksen, the third party defendant, was driver for Cerritos and his liability was assumed by it.

[2]The facts of the accident, simply put, are that Cerritos' truck struck Thompson's car from the rear and that the truck driver's (Fredericksen's) attempts to control his vehicle caused it to jacknife, impelling the truck to crash through the freeway divider fence where Adams collided with the truck.

393] with respect to comparative negligence should limit the liability of the joint tortfeasors to the degree of comparative fault which has been established by the judgment against them; and (2) she should not be required to pay a judgment to a joint tortfeasor who has not paid his pro rata share of liability on the judgment that plaintiff holds against both.

■ Prior to decision of *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], the appellate courts of our state were divided on the question of whether the doctrine of comparative negligence should limit the liability of the joint tortfeasors to the percentage of negligence with which each was charged by the judgment.

*American Motorcycle Assn.* holds: ". . . Under the circumstances, we hold that after *Li,* a concurrent tortfeasor whose negligence is a proximate cause of an indivisible injury remains liable for the total amount of damages, diminished only 'in proportion to the amount of negligence attributable to the person recovering.' " (*American Motorcycle Assn., supra,* 20 Cal.3d 578, 590.) Appellant's first contention is thus settled.

■ With respect to appellant's second contention, it should be noted that *American Motorcycle Assn.* also holds that tortfeasors may cross-complain against each other. The court says at page 607: "Accordingly, we conclude that under the governing statutory provisions a defendant is generally authorized to file a cross-complaint against a concurrent tortfeasor for partial indemnity on a comparative fault basis, even when such concurrent tortfeasor has not been named a defendant in the original complaint."

And at page 608: "In the instant case we have concluded that the force of *Li's* rationale applies equally to the allocation of responsibility between two or more negligent defendants and requires a modification of this state's traditional all-or-nothing common law equitable indemnity doctrine. . . . From the crude all-or-nothing rule of traditional indemnity doctrine, and the similarly inflexible per capita division of the narrowly circumscribed contribution statute, we have progressed to the more refined stage of permitting the jury to apportion liability in accordance with the tortfeasors' comparative fault.

"Accordingly, we hold that under the common law equitable indemnity doctrine a concurrent tortfeasor may obtain partial indemnity from cotortfeasors on a comparative fault basis."

The judgment at bench does reflect the comparative liability of the joint tortfeasors in response to the judgment as between themselves although the specificity thus accomplished does not affect the joint and several liability of the joint tortfeasors to pay Adams on the judgment recovered by Adams against them. (*American Motorcycle Assn., supra.*)

■ Although squinted at, the second question before us, to wit: the right of joint tortfeasors to offset judgments against each other as against the proportionate liability of each as between themselves does not appear to be settled.

The court does say at page 589: "In many instances a plaintiff will be completely free of all responsibility for the accident, and yet, under the proposed abolition of joint and several liability, such a completely faultless plaintiff, rather than a wrongdoing defendant, would be forced to bear a portion of the loss if any one of the concurrent tortfeasors should prove financially unable to satisfy his proportioned share of the damages."

And at page 608: "In the instant case we have concluded that the force of *Li*'s rationale applies equally to the allocation of responsibility between two or more negligent defendants and requires a modification of this state's traditional all-or-nothing common law requitable indemnity doctrine. Again, we concur with Dean Prosser's observation in a related context that '[t]here is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were ... unintentionally responsible, to be shouldered onto one alone, ... while the latter goes scot free.' (Prosser, Law of Torts, *supra,* § 50, p. 307.) From the crude all-or-nothing rule of traditional indemnity doctrine, and the similarly inflexible per capita division of the narrowly circumscribed contribution statute, we have progressed to the more refined stage of permitting the jury to apportion liability in accordance with the tortfeasors' comparative fault.

"Accordingly, we hold that under the common law equitable indemnity doctrine a concurrent tortfeasor may obtain partial indemnity from cotortfeasors on a comparative fault basis." Fairness between the joint

tortfeasors[3] to this appeal requires a modification of the judgment in favor of Cerritos and against appellant so as to condition appellant's payment of the judgment of $1,112.04 obtained by Cerritos against her upon payment by Cerritos of its full 85 percentage of the judgment obtained by Adams against both.[4]

The judgment in favor of Adams against the joint tortfeasors is affirmed with costs of appeal to Adams against Thompson. The judgment in favor of Cerritos against Thompson is vacated and the trial court is ordered to enter a new and different judgment in accord with the views expressed above. Thompson to recover her costs of appeal from Cerritos.

Fleming, J., and Compton, J., concurred.

---

[3] *Li* v. *Yellow Cab Co., supra,* 13 Cal.3d at pages 826-827 states in pertinent part: "Our decision in this case is to be viewed as a first step in what we deem to be a proper and just direction, not as a compendium containing the answers to all questions that may be expected to arise. Pending future judicial or legislative developments, we are content for the present to assume the position taken by the Florida Court in this matter: 'We feel the trial judges of this State are capable of applying [a] comparative negligence rule without our setting guidelines in anticipation of expected problems. The problems are more appropriately resolved at the trial level in a practical manner instead of a theoretical solution at the appellate level. The trial judges are granted broad discretion in adopting such procedures as may accomplish the objectives and purposes expressed in this opinion.' [Citation.]"

[4] A variety of inequitable considerations may occur in a situation in which one joint tortfeasor recovers a judgment against another.

One such situation which may be instantly envisioned is when an insolvent tortfeasor who has recovered a judgment against a codefendant is able to contribute nothing to the judgment for which he or she is fully liable, and can be legally required to list his or her independent judgment as an asset for the benefit of all creditors. The equities in such a situation may be debatable but it appears to us that *Li* and *American Motorcycle Assn.* suggests the adjustment of equities between joint tortfeasors with respect to the occurrence in which they are all involved and that on the facts at bench, a fair disposition is the one suggested.